■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WHITE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered June 26, 1975, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Hopkins, J.P., Rabin and Weinstein, JJ., concur.

Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: At the trial, testimony was adduced from one Jeanette Jefferson to the effect that on November 26, 1974, at about 8:00 P.M., the time of the armed robbery at the grocery store in Queens for which defendant was indicted, she and defendant were together in The Bronx. After the alibi witness completed her testimony, an attorney from the Legal Aid Society, Howard Raab, was called as a witness by the defense. Raab, who had represented defendant in night court on December 2, 1974, when defendant was arrested, testified that notations on his file indicated that Jeanette Jefferson, in a conversation she had with him that evening, claimed that defendant was in The Bronx with her at the time of the robbery in Queens. Following such testimony, the trial court not only questioned Raab in front of the jury about the failure of his office, until that very morning, to advise the District Attorney about the existence of the alibi witness, but also sharply questioned him about his failure to advise the District Attorney of such fact at the time of arraignment. The trial court also told Raab, in the jury's presence, that although it was familiar, with the attorney-client confidential relationship, as an officer of the court and member of the Bar, Raab owed a duty to the court to advise the District Attorney of defendant's alibi at the time of arraignment, instead of letting the matter proceed through the Grand Jury into the trial part. In my opinion the trial court's action in this instance was totally erroneous and unwarranted and violated defendant's constitutional right to a fair trial. First, in defense of the failure to furnish the District Attorney's office with the name and address of the prospective alibi witness until the morning of her testimony, the record reveals that the prosecutor did not serve a demand for such information within 20 days after defendant's arraignment, as required by law (CPL 250.20, subd 1). Second, and more important, and contrary to the position taken by the trial court, there is no canon of professional ethics, court rule, or statutory requirement which mandates that the attorney for an accused volunteer exculpatory information to law enforcement authorities. Indeed, whereas for a lay witness a decision

whether to volunteer exculpatory information to law enforcement authorities regarding a particular suspect remains a matter of individual conscience and private choice *(People v Dawson,* 50 NY2d 311, 318), the confidential relationship a defense attorney has with his client precludes him from making such disclosure without the consent of his client. Moreover, it would be anomalous to hold that although an accused, while in custody, has no duty to protest his innocence, and if he had an attorney he would undoubtedly and properly be advised not to talk *(People v Dawson, supra,* pp 321-322), yet the attorney who gives proper counsel to his client to remain silent, would be subject to censure for following his own advice. In my opinion the trial court's caustic, disparaging and erroneous remarks to the attorney who previously represented defendant about his "duty" to divulge his client's alibi defense to the District Attorney, may possibily have implanted in the jury's mind that not only was the attorney's testimony suspect, but also that the testimony of the alibi witness was likewise unworthy of belief. Had evidence of guilt in this instance been overwhelming, I might have joined my colleagues in affirming. However, since the identification by the eyewitnesses was at times inconsistent and weak (as evidenced by one eyewitness testifying that he did not really remember what the robber's face looked like), I vote to reverse and order a new trial (cf. *People v Crimmins,* 36 NY2d 230).